# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | | |
|---|---|---|
| **CHRISTIAN K. NARKIEWICZ-LAINE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** |
| **v.** | ) | |
| | ) | **Judge:** |
| **SCANDINAVIAN AIRLINES SYSTEMS** | ) | |
| | ) | |
| **Defendant.** | ) | |

**08 C 50106**

**JUDGE REINHARD**
**MAGISTRATE JUDGE MAHONEY**

## NOTICE OF REMOVAL

Scandinavian Airlines Systems ("SAS"), the defendant in the above-entitled cause, seeks

removal to this Court under 28 U.S.C. § 1441 and, in support thereof, states as follows:

1.    On May 28, 2008, Plaintiff filed his Complaint in the Circuit Court of the

Fifteenth Judicial Circuit, Jo Daviess County, Illinois, case number. 08-SC-103. (Ex. A,

Complaint).

2.    Plaintiff's *pro se* Complaint alleges, *inter alia*, that Plaintiff purchased a ticket for

air transportation with SAS from Dublin, Ireland to Helsinki, Finland via Copenhagen, Denmark,

and that Plaintiff suffered damages as a result of a delay during this travel.

3.    "The district courts shall have original jurisdiction of all civil actions arising

under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "Any civil

action of which the district courts have original jurisdiction founded on a claim or right arising

under the Constitution, treaties or laws of the United States shall be removable without regard to

the citizenship or residence of the parties."  28 U.S.C. §1441(b)

5.      On November 4, 2003, the Convention for the Unification of Certain Rules for International Carriage by Air Concluded at Montreal, Canada, May 28, 1999 (*reprinted* in S. Treaty Doc., 106-45, CCH Av.L.Rep. ¶ 27, 400-59, 1999 WL 33292734) (the "Montreal Convention") went into effect in the United States.  The Montreal Convention "applies to all international carriage of persons, baggage or cargo performed by aircraft for reward."  *Id*., Art. 1. Article 19 of the Montreal Convention governs claims arising out of delay.

6.      The Montreal Convention provides the exclusive avenue of relief for claims that fall within its purview.[1] *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 119 S. Ct. 662 (1999).  Thus, Plaintiff's action for damages from delay in international air transportation can only be brought pursuant to the Montreal Convention, and is properly removed to federal court as it necessarily arises under a treaty of the United States.

7.      This Court has supplemental jurisdiction, pursuant to 28 USC § 1367, to hear Plaintiff's secondary claim, which seeks reimbursement of funds Plaintiff alleges to have paid for an airline ticket he failed to use.

WHEREFORE, based upon federal question jurisdiction, as set forth in 28 U.S.C. § 1331, and removal as set forth in 28 U.S.C. § 1441, the foregoing matter is ripe for removal from the Circuit Court of Jo Daviess County to the United States District Court for the Northern District of Illinois, Western Division.

---

[1] The Montreal Convention is the successor to the Warsaw Convention.  Where the Montreal Convention does not substantively change the Warsaw Convention, as with issues of preemption and claims for delay, it is appropriate to rely on precedent decided under the Warsaw Convention.  See *Baah v. Virgin Atlantic Airways, Ltd*., 473 F.Supp.2d 591 (S.D.N.Y. 2007); *Paradis v. Ghana Airways Ltd*., 348 F. Supp.2d 106 (S.D.N.Y. 2004).  Furthermore, the Senate Foreign Relations Committee's report on the Montreal Convention stated: "In the nearly seventy years that the Warsaw Convention has been in effect, a large body of judicial precedent has been established in the United States.  The negotiators of the Montreal Convention intended to preserve these precedents."  S. Exec. Rep. 108-8, at 3 (2003).

Respectfully submitted,

SCANDINAVIAN AIRLINES SYSTEMS

By:     ___s/Michael S. McGrory_____
        One of Its Attorneys

Alan L. Farkas
Michael S. McGrory
Madsen, Farkas & Powen, LLC
20 S. Clark Street, Suite 1050
Chicago, Illinois 60603
T:  (312) 379-3444
F:  (312) 379-3443

**08 C 50106**

IN THE CIRCUIT COURT OF JO DAVIESS COUNTY

CHRISTIAN K. NARKIEWICZ-LAINE

        Plaintiff )

        vs.

SCANDINAVIAN AIRLINES SYSTEM )

        Defendant )

CLERK OF THE CIRCUIT COURT OF
THE FIFTEENTH JUDICIAL CIRCUIT
JO DAVIESS COUNTY ILLINOIS

MAY 2 8 2008

NO. 08-SC-103

Damages Claimed: $8,693.27
Plus Filing Fees and Attorney
Fees if Applicable)

Return Date: June  ,2008

## COMPLAINT

Now comes Plaintiff Christian K. Narkiewicz-Laine, acting *pro se* as his attorney and in his defense and files the following complaint:

1. Plaintiff Christian K. Narkiewicz-Laine is a resident of the City of Galena, Illinois and in Jo Daviess County and resides at 760 Dewey Avenue, Galena, Illinois.

2. Scandinavian Airlines System (SAS) is multi-national airline and owned by SAS AB with operations and offices within the jurisdiction of the United States and in the State of Illinois at O'Hare International Airport; the State of Washington at Seattle-Tacoma International Airport; and the State of New Jersey at Newark Liberty International Airport at 9 Polito Avenue, Lyndhurst, New Jersey.

3. On March 6, 2008, Plaintiff, as an independent consultant, was sent to Helsinki, Finland by The European Centre for Architecture Art Design and Urban Studies in Dublin, Ireland to attend a meeting with other European Museums regarding a joint-venture exhibition inside Europe and the United States. Plaintiff is the Museum President of The Chicago Athenaeum: Museum of Architecture and Design in Galena, Illinois and often works as a special consulting curator for other international institutions and on international projects.

4. Plaintiff purchased a ticket via Internet on Scandinavian Airlines (Flight #SK538)

118.00
12.00
130.00

TT Cel# 815-777-4444

Dublin to Copenhagen and connecting on Scandinavian Airlines (Flight #SK712) Copenhagen to Helsinki in order to attend this meeting.  (EXHIBIT A)

5.    Plaintiff purchased this ticket on Scandinavian Airlines in Galena, Illinois at his home at 760 Dewey Ave. and paid for his ticket via Plaintiff's VISA credit card with the billing address of 760 Dewey Avenue.  Plaintiff purchased and paid for the ticket on his own behalf.

6.    Plaintiff arrived promptly at Dublin International Airport for the Scandinavian Airlines Flight #SK538, but found, after waiting over an hour inside the terminal, that the plane was delayed.  The plane was delayed for almost an hour and a half because it had been delayed repeatedly during the day at other locations and  was not following its scheduled arrival and departure times.  There were other flights on other  air carriers Dublin to Copenhagen and Dublin to Helsinki direct.  No attempt was made by Scandinavian Airlines to rebook Plaintiff on another air carrier in order for the Plaintiff to make  certain Plaintiff would make the connecting flight from Copenhagen to Helsinki or to arrive in Helsinki at the contracted time of 5:30PM.

7.    When Plaintiff finally boarded Scandinavian Airlines Flight #SK538, Plaintiff immediately realized that the air carrier was in fact NOT Scandinavian Airlines, but a mysterious "other" airline that the Plaintiff had never heard of.  That carrier is NOT part of the Scandinavian Airlines System and not a subsidiary, but an entirely different company than Scandinavian Airlines.  Plaintiff had no knowledge of this carrier; its ownership or safety or on-time record.

8.    Because of the hour plus delay at Dublin Airport, Scandinavian Airlines Flight #SK538 arrived late to Copenhagen causing Plaintiff to miss Plaintiff's connection  (Scandinavian Airlines Flight  #712) to Helsinki.  Plaintiff was rescheduled on (Scandinavian Airlines Flight #1710) from Copenhagen to Helsinki.  When Plaintiff boarded this aircraft, Plaintiff understood again that this was not an aircraft belonging to the Scandinavian Airlines System, but yet another mysterious carrier Plaintiff has never heard of.

9.    The plane finally landed in Helsinki at 7:00PM and not the 5:30PM contracted time

causing Plaintiff to entirely miss the meeting that Plaintiff had been sent for by The European Centre for Architecture Art Design and Urban Studies to attend. By the time Plaintiff arrived to the meeting destination all the participants had been dispersed. Although Plaintiff tried to meet the following day, none of the participants were available. The entire trip was a waste of Plaintiff's professional time and money.

10. On April 2, 2008, Plaintiff wrote a letter to Scandinavian Airlines asking for a refund of the ticket in the amount of $484.64 and hotel in the amount of 555.60 Euro ($888.96) plus 330 DK ($69.21) for lunch and for the full amount of $1,442.87. (EXHIBIT B) Scandinavian Airlines rejected Plaintiff's request in a letter dated April 8, 2008 by Ms. Angela R. Schlossmacher, Customer Relations. (EXHIBIT C)

11. Plaintiff sent another letter on May 15, 2008 again requesting to be reimbursed with an answer to be given in seven days. (EXHIBIT K) Scandinavian Airlines sent another letter dated May 16, 2008 this time and now suddenly alleging "technical malfunction." Plaintiff overheard ground crew in Dublin state that the airplane was delayed because "flight crew did not show up." Scandinavian Airlines also suggested that Plaintiff investigate "private insurance" in order to claim losses, which is absurd and a outright admission of Plaintiff's damages and the airline's liability. (EXHIBIT D)

12. Additionally, on June 21, 2006, Plaintiff booked a ticket via Internet Dublin to Oslo on Scandinavian Airlines (Flight #SK4604) with a return on July 21, 2006 Oslo to Dublin (Flight #SK1467) in the amount of $278.73. (EXHIBIT E) Again, Plaintiff purchased this ticket on Scandinavian Airlines in Galena, Illinois at his home at 760 Dewey Ave. and paid for his ticket via Plaintiff's VISA credit card with the billing address of 760 Dewey Avenue.

13. On June 21, 2006, the day of departure, Plaintiff telephoned Scandinavian Airlines to inform them that Plaintiff was sick and unable to travel. Scandinavian Airlines Representative told Plaintiff that Plaintiff was not able to change this flight nor rebook at a later

time and failure to take the plane on June 21 would result in a "no show." Plaintiff wrote a letter to Mr. Sven Eric Persson on June 22, 2006 informing the airline again that Plaintiff was ill and could not take that flight and requested a refund or rebooked at another time. (EXHIBIT F) Plaintiff supplied Scandinavian Airlines with a note from his doctor, Dr. Greg Vandigo, Medical Associates, 219 Summit Street, Galena, Illinois dated June 21, 2006. (EXHIBIT G) Plaintiff was in the early stages of Lyme Disease and was sick for six months. Plaintiff never heard back from Scandinavian Airlines and never received the refund of $278.73 or the availability to rebook that flight at a later date.

WHEREFORE, Christian K. Narkiewicz-Laine, Plaintiff, is entitled to full reimbursement of the airline ticket (Dublin-Copenhagen-Helsinki on March 6, 2008), lunch, and hotel expense (EXHIBIT H) in the amount of $ 1,442.87 USD.

FURTHER, Plaintiff is also entitled to taxi fare from Helsinki Airport to the Hotel/Meeting Place in the amount of 40 Euro ($ 63.14); dinner of 90 Euro ($ 141.53) and breakfast of 40 Euro ($ 39.30) and return to Helsinki Airport by taxi of 35 Euro ($ 63.14) for the additional amount of $ 307.11.  (EXHIBIT I)

FURTHER, Plaintiff is also entitled to two days of unnecessary parking at O'Hare Airport in the amount  of $ 25.00 a day for a total of $ 50.00 and gasoline from O'Hare Airport to Galena in the amount of $ 65.00 for a total of $ 110.00.

FURTHER, Plaintiff is also entitled to two days of lost consulting fees from The European Centre for Architecture Art Design and Urban Studies (200 Euro x 8 hours x 2 days) for a total of 3,200 Euro $ 5,024.56.  (EXHIBIT J)

FURTHER, Plaintiff will have to reschedule this meeting in Helsinki and is entitled to airfare, Chicago-Helsinki-Chicago (via Scandinavian Airlines) for a total ticket fare of $ 1,525.00.

FURTHER, Plaintiff is entitled to a refund of $278.73 from the unused ticket issued for June 21, 2006 due to illness and the inability to travel in 2006.

TOTAL AMOUNT OF EXPENSES AND LOST EARNINGS: $8,693.27.

FURTHER, Plaintiff is also entitled to 5,100 EURO ($6,524.59 USD) above and beyond the expenditure of unnecessary actual expenses for business loss due to the inconvenience of Scandinavian Airlines delay for both flights in accordance with laws inside the European Union. Ireland, actual place of the delay of journey, is a member of the EU.   European Law on this matter states:

1. There are no financial limits for death or bodily injury and the air carrier may make an advance payment to meet immediate economic needs of the person entitled to claim compensation;
2. In the case of destruction, loss of, or damage or delay to baggage, 1,000 Special Drawing Rights (approximately EUR 1,230) and, if the value of the baggage is greater than this limit, the carrier should be informed at check-in or ensure that is fully insured prior to travel;
3. In the case of delay to the journey, 4,150 Special Drawing Rights (approximately 5,100 EURO).

While the Plaintiff understands that a Court in the United States may or may not be able enforce  European Union Law, Plaintiff asks this Court to grant this same remedy in the spirit of recognized laws and standards of liability; and for the Plaintiff's inconvenience and loss of business due to Scandinavian Airline's delays and for the  unnecessary harassment of not honoring its commitment to refund the Plaintiff's demand to be  reimbursed for hotel, meal, and transportation expenses related to the delays.

FURTHER, Scandinavian Airlines should be reprimanded for false, confusing, and misleading  business practices by  intentionally deceiving passengers to believe that they had booked a flight on Scandinavian Airlines when in fact the tickets were booked and purchased on another airline entirely.  Plaintiff is certain that this "other" carrier (an unheard of company from Luxembourg) was the main cause for the delay on March 6, 2008 and the consequences experienced during this business travel.

FURTHER, Scandinavian Airlines is to be avoided at all costs for air transportation both trans-Atlantic and inside Europe. What once was a great airline has been reduced to the most insignificant and brutal and lowest form of air transportation. There is no customer service. The idea is to bleed customers out of every last Euro in their pocket. Agents in Copenhagen Airport are arrogant, rude, and downright nasty, particularly to Americans. The airline makes up rules as it goes along that are illegal ,and its customers are made to feel as if they have committed some kind of major infraction, when, again, in similar situations, it is the airline to blame. The use of strange air carriers in the case noted above is done to avoid Scandinavian Airlines' use of union pilots, flight attendants, and ground crew at the expense of its customers and again squeezing out every last Euro--even out of their employees. Not allowing a passenger to change a ticket who is seriously sick is dark, heartless, and dismal. It's a "take the money and don't provide anything in return" syndrome. Shame on this airline when good customer service meant greater marketing and promotion efforts that made customers feel they were important and essential and necessary to keep a great reputation and an even greater airline surviving.


CHRISTIAN K. NARKIEWICZ-LAINE



Ms. Angela R. Schlossmacher
Customer Relations
Scandinavian Airlines System
9 Polito Avenue
Lynhurst, NJ 07071
TEL: +800/345-9684



Exhibit _____ A

## Electronic Ticket Itinerary/Receipt

Mr Christian Narkiewiczlaine

Date of issue: 04MAR08
Place of issue: New York Ny
IATA number 31991013

**Booking Reference MJ8LU**

| Flight/Date Class | Route Status | Departure Meal | Arrival | Latest Check-in | Terminal | Baggage allowance |
|---|---|---|---|---|---|---|
| **Scandinavian Airlines** SK538/06MAR M Economy Operated by Luxair | Dublin - Copenhagen Confirmed | 11.00 Food and Beverages for Purchase | 14.10 | 10.15 | | 20K |
| **Scandinavian Airlines** SK712/06MAR M Economy | Copenhagen - Helsinki Confirmed | 14.55 Food and Beverages for Purchase | 17.30 | 14.15 | 3 | 20K |

Ticket no. 117-2113657330

| | | |
|---|---|---|
| Fare | 445.00 | USD |
| Tax | 39.64 | USD |
| Ticket Amount | 484.64 | USD |

Form of Payment: **Visa**

Form of identification at security and gate:  **Visa**

Endorsement/Restrictions:   **RESTRICTIONS MAY APPLY**

Org.No        **SE 902001-7720**

Special Info:

SCANDINAVIAN AIRLINES
9 POLITO AVENUE
LYNDHURST, NJ 07071 USA
SAS Reservations        800 221 2350
SAS EuroBonus          800 437 5807
SAS Web Address        www.flysas.com

LIMITS OF LIABILITY
The applicable limits of liability for your journey on a flight operated by a carrier of the SAS Group are as follows:
1.  There are no financial limits in respect of death or bodily injury;
2.  In respect of destruction, loss of, or damage or delay to baggage, 1,000 Special Drawing Rights per passenger (approximately EUR 1,230) and, if the value of your baggage is greater than this limit, you should inform the carrier at check-in or ensure that it is fully insured prior to travel;
3   For damage occasioned by delay to your journey, 4,150 Special Drawing Rights per passenger (approximately EUR 5,100).
If your journey also involves carriage by other airlines, you should contact them for information on their limits of liability.
Time limit for action: Any action in court to claim damages must be brought within two years from the date of arrival of the aircraft, or from the date on which the aircraft ought to have arrived.
Baggage claims: Written notice to the carrier must be made within 7 days of the receipt of checked baggage in the case of damage, and, in the case of delay, within 21 days from the date on which it was placed at the disposal of the passenger.
This notice is required by the European Community Regulation (EC) No. 2027/97 (as amended by Regulation (EC) No. 889/2002).
Carriage and other services provided by the carrier are subject to conditions of carriage, which are hereby incorporated by reference. These conditions may be obtained from the issuing carrier.
For complete text of all provisions applicable we refer to SAS General Conditions of Carriage for Passengers and Baggage at www.flysas.com. For the relevant rules regarding baggage allowances we refer to SAS Baggage Allowances at www.flysas.com.

Exhibit B

Christian K. Narkiewicz-Laine
760 Dewey Avenue
Galena, IL 61036

via FAX +201/896-3735                                        APRIL 2, 2008

Customer Service
SCANDINAVIAN AIRLINES
9 Polito Avenue
Lyndhurst, NJ 07071

Dear Sir or Madam:

On March 6, I was sent by The European Centre for Architecture, Art, Design and Urban Studies
as a consultant to attend a meeting in Helsinki, Finland on the same day.

On March 4, I had purchased a ticket on SAS Airlines: Dublin to Copenhagen and then to
Helsinki.

When I arrived for the flight in Dublin Airport, I was expecting Scandinavian Airlines SK538.
Instead, it was NOT SAS Airlines, but another carrier.

That carrier was one hour and a half delayed leaving Dublin. When I arrived to Copenhagen, I
had already missed the connecting flight (SK712) to Helsinki.

By the time I arrived to Helsinki on SK1710 (again not SAS Airlines) it was 7:00PM. It should
have been 5:30PM. All people involved in the meeting in Helsinki had left their offices and went
home. I arrived too late.

I checked into a hotel in Helsinki hoping to reschedule the meeting for the following day, but,
unfortunately, the people I had been scheduled to meet with were not available.

When I purchased this ticket, I was led to believe that the carrier involved was SAS Airlines. It
was not. I also contracted with SAS Airlines an arrival time of 5:30PM, not 7:00PM. This
business trip was made for no reason.

I am attaching the receipt for the ticket in the amount of $484.64 and my hotel receipt in the
amount of 555.60 Euro ($888.96) plus 330 DK ($69.21) for lunch and for the full amount of
$1,442.87.

I expect to be reimbursed by SAS Airlines in the amount of $1,442.87, which does not included
other associated travel costs and my loss of business and time.

Sincerely yours,


Christian K. Narkiewicz-Laine

FAX THREE PAGES TOTAL:

**SAS**

April 8, 2008

Mr. Christian Narklewicz-Laine
760 Devey Avenue
Galena, IL 61036

Dear Mr. Narklewicz-Laine:

Thank you for your faxed letter dated April 2 regarding an irregularity experienced while enroute with SAS.

The present route Dublin-Copenhagen is a joint operation, between Scandinavian Airlines and LuxAir. As you are aware, many airlines today are engaged in similar co-operations, operating joint routes for the purpose of improving service for passengers connecting domestically to points beyond Scandinavia and Europe.

We are very sorry to learn that your trip was marred by the delay of your LuxAir Flight into Copenhagen causing you to miss your connecting flight 712 from Copenhagen to Helsinki. Our staff worked diligently to reaccommodate you on the next available flight to get you to your final destination as quickly as possible. In this case you were accommodated on Flight 1710 which arrived at 7:00PM local time.

Since you traveled and utilized your ticket, we are unable to honor your request for a refund of your ticket. Also the ticket purchased was a one way ticket and in this instance was considered your final destination, Helsinki, therefore, we are unable to honor your request for reimbursement of your hotel or meals.

We thank you for taking the time to write and express your disappointment with the service. Please be assured that a copy of your letter has been forwarded to the departments concerned for their review and future guidance.

We hope we shall have an opportunity of welcoming you aboard SAS in the future with better results.

SAS remains at your service.

Sincerely yours,

Angela R. Schlossmacher
Customer Relations

Exhibit D



May 16 2008


Mr. Christian K. Narkiewicz-Laine
760 Dewey Avenue
Galena, IL 61036

Dear Mr. Narkiewicz-Laine:

We are sorry to learn of your dissatisfaction with our previous reply to your
correspondence.

Further to our original correspondence, as safety always comes first in our operation,
and there are those inevitable occasions when a flight cannot be operated because of
a technical malfunction of the scheduled aircraft. This was the case on March 6. Your
original flight was delayed one hour until the necessary repairs could be made.

We offer our regrets that you missed a meeting. As a means of further explanation,
the airline is not liable for meetings, which is considered consequential damages for
which the airline has no liability. This information can also be found on our website
under the Conditions of Carriage.

Mr. Narkiewicz-Laine, again we reiterate that it is regrettable that you have sustained
a loss, however, our responsibility extends to all our customers and we must be
consistent in our claims' resolution procedures. If you have private insurance,
homeowner's credit card or other, we kindly request you place the claim with them.

SAS remains at your service.

Cordially,

Angela R. Schlossmacher
Customer Relations


Scandinavian Airlines System
9 Polito Avenue, Lyndhurst, New Jersey 07071 • 800/345-9684

sas – Sent – 'Yahoo! Mail'

*EXHIBIT 2*

5/26/08 7:35 PM

Yahoo! | My Yahoo! | Mail | More

Welcome, **cknl2006** Sign Out | All-New Mail | Help

YAHOO! MAIL
UK & IRELAND Classic

Search: [                    ]   **Web Search**



| Mail | Contacts | Calendar | Notepad | | What's New? | Mobile Mail | Options |

**Check Mail** | **Compose**     [            ]   **Search Mail** | **Search the Web**

Free inkjet cartridge!

Previous | Next | Back to Messages          Mark as Unread | Print

**Delete** | **Reply** | **Forward** | **Move...**

**Folders**     [Add - Edit]

**Inbox (727)**

Drafts (5)

Sent

Spam (6)     [ Empty ]

Trash     [ Empty ]

**My Folders**     [Hide]

40 under 40 20... ...

delicious arch... (4)

DELICIOUS RECI...

DENMARK LAWYER

**EMAIL FORMS (6)**

**EUROPEAN SPO...**

FLIGHT INFORMA...

gaggenau

GD2007 CORREC...

**WEBSITE CHANG...**

**Search Shortcuts**

My Photos

My Attachments

Win a Blackberry!

Love Sport? Yahoo! Eurosport

Luxury London Hotel only £99!

Save on fitness

---

**sas**                                          Friday, 23 May, 2008 6:57 PM

From: "C narkiewicz" <cknl2006@yahoo.co.uk>

To: Illinoisman60193@yahoo.com

```
--- On Tue, 20/6/06, dontreply@sas.se <dontreply@sas.se>
wrote:

> From: dontreply@sas.se <dontreply@sas.se>
> Subject: Your travel plan
> To: "cknl2006@yahoo.co.uk" <cknl2006@yahoo.co.uk>
> Date: Tuesday, 20 June, 2006, 5:21 AM
> YOUR TRAVEL PLAN
> ...............................................................
>
>
> OUTWARD FLIGHT:   SK4604, SCANDINAVIAN AIRLINES
> 22 June, 18:20, Dublin Dublin
> 22 June, 21:25, Oslo  Oslo Airport
>
> RETURN FLIGHT:   SK1467, SCANDINAVIAN AIRLINES
> 21 July, 13:20, Oslo Oslo Airport
> 21 July, 14:30, Copenhagen Copenhagen Apt Terminal 3
> RETURN FLIGHT:   SK2537, SCANDINAVIAN AIRLINES
> 21 July, 16:25, Copenhagen Copenhagen Apt  Terminal 3
> 21 July, 17:40, Dublin Dublin
>
> ...............................................................
>
>
> Adult:                              236.00 USD
> Service fee:                          0.00 USD
> VAT:                                  0.00 USD
> Tax:                                 42.73 USD
>
```

sas – Sent – 'Yahoo! Mail'  Case 3:08-cv-50106    Document 1-2    Filed 06/17/2008    Page 12 of 17

5/26/08 7:35 PM

equipments

> TOTAL PRICE:                              278.73 USD
>
>
> Booking reference:  2JWE83
> Travel contact:  +18152917896, ckn12006@yahoo.co.uk
>
> Visa will be charged 21 June 2006 and receipt sent to:
> Christian  Narkiewicz Laine
> 760 Dewey Avenue
> Galena Illinois 61036
> United States
>
> ...............................................
> PASSENGER(S)
> ...............................................
>
> Mr Christian Narkiewicz Laine
>
> Ticket type: E-ticket Visa
> Seat: No Seating
> Frequent flyer program:  None
>
> ...............................................
> NOTE! You must bring the E-ticket ID and present it at the
> airport, as this is your ticket.
> Also remember to bring a printed booking confirmation.
> ...............................................
>
>
> ...............................................
> SCANDINAVIAN DIRECT
>
> AVOID HASSLES. CHOOSE A SMARTER, EASIER WAY TO FLY
> ...............................................
>
> Forget paper tickets. Forget lines. If you travel regularly
> within Scandinavia
> we would like to help you glide effortlessly through
> airports.
>
> You can now decide how you would like to check in, on our
> website, by using
> our Self Service automats or if you like the traditional
> way you are always
> welcome to our counters. You can also get SMS updates about
> flight
> information.
>
> You can put your ticket on a credit card or any SAS card.
> Since it is already
> in your wallet, you will have one less thing to remember.
>
> And do not forget, if you plan ahead you can save up to 30
> percent on day- return business travel.
>
> ...............................................
> ENJOY YOUR FLIGHT!

Exhibit E

JUNE 22, 2006

## THE CHICAGO ATHENAEUM

via FAX +201/896-3735

Mr. Sven Eric Persson
Regional Manager
SCANDINAVIAN AIRLINES

FAXED

RE: 2JWE83

Dear Mr. Persson:

On Wednesday, June 21, I called SAS Airlines to inform your airline that I was in the hospital with an emergency illness and that I would not be able to take SAS #SK6604 from Dublin to Oslo on Thursday, June 22.

I was told by the SAS representative that I was not allowed to change this flight or rebook another flight and that I would be considered a "no show."

I was also told that the return flight #SK1467 from Oslo to Copenhagen and then #SK2537 from Copenhagen to Dublin on July 21 would also be invalid.

I am writing to protest this. I could careless what your policy is. Your airline cannot legally charge me for a ticket I cannot use.

Because of the emergency illness, I demand to either rebook those flights or refund my money completely.

I am attaching a note from my doctor to validate this claim.

My cell number is 815/291-7896 or FAX number 815/777-2471.

Sincerely yours,

Christian K. Narkiewicz-Laine
Director/President
THE CHICAGO ATHENAEUM

**FAX TWO PAGES TOTAL**:

Exhibit G

Ⓨ MEDICAL ASSOCIATES ✝ Mercy

Galena Office

219 Summit Street
Galena, Illinois 61036
815-777-0900

Date 6/21/06

℞ For Christain Narkiewicz

Address _____

Christian was seen in
the office 6/12/06. He
has severe Gastroenteritis
& dehydration. He will need
several days to recoop —
☐ May substitute generic unless checked

Greg Vandiyon

M.D.

Refills:

| 0 | 1 | 2 | 3 | 4 | 5 | 11 |
|---|---|---|---|---|---|---|
|   |   |   |   |   |   |   |

This prescription may be filled at Pharmacy of your choice.

*Exhibit H*

Mr Christian Narkiewicz-Laine
760 Devey Avenue
Galena, IL61036
United States of America

**HOTEL KÄMP**
*Helsinki*

| | |
|---|---|
| **INVOICE** | |
| Page | : 1 of 2 |
| Invoice Number | : 394524 |
| Reservation N | : 536452083 |
| Date | : 08-03-08 |
| Cashier No | : 50 |
| Arrival | : 06-03-08 |
| Departure | : 08-03-08 |
| AR-Number | : |

Room:    706

Reference:

| Date | Description | Exch. Rate | Quant. | Price Net | Debit Net | Debit Gross | Credit |
|---|---|---|---|---|---|---|---|
| 06-03-08 | Accommodation | | 1 | 212.04 | 212.04 | 229.00 | |
| 06-03-08 | Charity - Unicef Donation | | 1 | 1.00 | 1.00 | 1.00 | |
| 07-03-08 | Accommodation | | 1 | 212.04 | 212.04 | 229.00 | |
| 07-03-08 | Cafe Kamp | | 1 | 30.82 | 30.82 | 37.60 | |
| 07-03-08 | Room Service | | 1 | 31.97 | 31.97 | 39.00 | |
| 08-03-08 | Communications Service | | 1 | 16.39 | 16.39 | 20.00 | |
| 08-03-08 | Visa | | 1 | 0.00 | 0.00 | | |
| | XXXXXXXXXXXX3857 | XX/XX | | | | | 555.60 |

| Total EUR | | 504.25 | 555.60 | 555.60 |
|---|---|---|---|---|

**Balance EUR**                    0.00

Gratuity_____

| | VAT | Net | Gross | |
|---|---|---|---|---|
| VAT 22% | 17.42 | 79.18 | 96.60 | EUR |
| VAT 8% | 33.93 | 424.07 | 458.00 | EUR |
| Total: | 51.35 | 504.25 | 555.60 | EUR |

Signature:_____     ID:_____

Your Starwood Preferred Guest 1211443 has been credited for this visit.



**THE LUXURY COLLECTION**
Starwood Hotels & Resorts

*The Hotel Kämp is owned by Palace Kämp Group and operated under a license issued by Sheraton International, Inc.*
Pohjoisesplanadi 29, 00100 Helsinki, Finland Tel +358 (0)9 576 111 Fax +358 (0)9 576 1122

*Exhibit I*



**☎ 0600 555 555**

*tilaukset@airporttaxi.fi • www.airporttaxi.fi*

40 €

# 455 55 55 RADIO-LINK TAXIS 455 55 55

| Date 26 / 03 / 08 | Time: AM PM | Waiting Time | Drivers Code |
|---|---|---|---|
| Account Name: | | | Ref. No: |
| Pick Up Point | | | |
| Destination | | | Fare Total € 40 |
| Credit Card | | Signature:............................................ | |

*Exhibit K*

Christian K. Narkiewicz-Laine
760 Dewey Avenue
Galena, IL 61036

MAY 15, 2008

via FAX +201 / 896-3735 (CERTIFIED LETTER)

Ms. Angela R. Schlossmacher
Customer Service
SCANDINAVIAN AIRLINES
9 Polito Avenue
Lyndhurst, NJ 07071

Dear Ms. Schlossmacher:

I am in receipt of your letter dated April 8, 2008.

I reject your letter entirely and I demand immediate payment of $1,442.87 per my letter of April 2, 2008.

I give you seven (7) days to respond and no later than May 22.

If I do not hear from you by then, I will have my attorney file a lawsuit to recover this and other damages including my professional time.

Sincerely yours,

Christian K. Narkiewicz-Laine

**FAX ONE PAGE TOTAL:**



**FILED**

**JUNE 17, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| **CHRISTIAN K. NARKIEWICZ-LAINE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** |
| **v.** | ) | |
| | ) | **Judge:** |
| **SCANDINAVIAN AIRLINES SYSTEMS** | ) | |
| | ) | |
| **Defendant.** | ) | |

**08 C 50106**

**JUDGE REINHARD
MAGISTRATE JUDGE MAHONEY**

### NOTICE OF ELECTRONIC FILING

To:     Christian K. Narkiewicz-Laine
        760 Dewey Avenue
        Galena, Illinois 61036

Please take notice that on the 17th day of June, 2008, we caused to be filed electronically with the Clerk of the United States District Court for the Northern District of Illinois, Western Division, the following **Notice of Removal** on behalf of Defendant, Scandinavian Airlines Systems, a copy of which is attached hereto and served upon you herewith.

Respectfully submitted,

SCANDINAVIAN AIRLINES SYSTEMS

By:     ___s/Michael S. McGrory_____
        One of Its Attorneys

Alan L. Farkas
Michael S. McGrory
Madsen, Farkas & Powen, LLC
20 S. Clark Street, Suite 1050
Chicago, Illinois 60603
T:  (312) 379-3444
F:  (312) 379-3443

## <u>CERTIFICATE OF SERVICE</u>

       The undersigned attorney states that he caused to be mailed a copy of the above-described document(s) to the following individuals, by depositing same, postage prepaid, in an official depository of the United States Mail at 20 South Clark Street, Chicago, Illinois on this 17th day of June, 2008.

                                    _____s/ Michael S. McGrory _____
                                      Michael S. McGrory

Christian K. Narkiewicz-Laine
760 Dewey Avenue
Galena, Illinois 61036

Mr. Michael Holland
Condon & Forsyth, LLP
Times Square Tower
7 Times Square
New York, New York 10036
(212) 894-6780