UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTIAN K. NARKIEWICZ-LAINE | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 50106 |
| | ) | |
| v. | ) | District Judge Reinhard |
| | ) | Magistrate Judge Mahoney |
| SCANDINAVIAN AIRLINES SYSTEMS | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Scandinavian Airlines Systems ("SAS"), for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. Plaintiff Christian K. Narkiewicz-Laine is a resident of the City of Galena, Illinois and in Jo Daviess County and resides at 760 Dewey Avenue, Galena, Illinois.

**ANSWER:** SAS lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Scandinavian Airlines System (SAS) is a multi-national airline and owned by SAS AB with operations and offices within the jurisdiction of the United States and in the State of Illinois at O'Hare International Airport; the State of Washington at Seattle-Tacoma International Airport; and the State of New Jersey at Newark Liberty International Airport at 9 Polito Avenue, Lyndhurst, New Jersey.

**ANSWER:** SAS admits that it is an airline that operates internationally, and that it maintains staff at O'Hare International Airport, Seattle-Tacoma International Airport, and maintains offices at 9 Polito Avenue in Lyndhurst, New Jersey. SAS denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. On March 6, 2008, Plaintiff, as an independent consultant, was sent to Helsinki, Finland by The European Centre for Architecture Art Design and Urban Studies in Dublin, Ireland to attend a meeting with other European Museums regarding a joint-venture exhibition inside Europe and the United States. Plaintiff is the Museum President of The Chicago Athenaeum: Museum of Architecture and Design in Galena, Illinois, and often works as a special consulting curator for other international institutions and on international projects.

**ANSWER:**　　SAS lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

　　　　4.　　Plaintiff purchased a ticket via Internet on Scandinavian Airlines (Flight #SK538) Dublin to Copenhagen and connecting on Scandinavian Airlines (Flight #SK712) Copenhagen to Helsinki in order to attend this meeting.

**ANSWER:**　　SAS admits that a ticket was issued in Plaintiff's name for the travel described in Paragraph 4. SAS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

　　　　5.　　Plaintiff purchased this ticket on Scandinavian Airlines in Galena, Illinois at his home at 760 Dewey Ave. and paid for his ticket via Plaintiff's VISA credit card with the billing address of 760 Dewey Avenue. Plaintiff purchased and paid for the ticket on his own behalf.

**ANSWER:**　　SAS lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

　　　　6.　　Plaintiff arrived promptly at Dublin International Airport for the Scandinavian Airlines Flight #SK538, but found, after waiting over an hour inside the terminal, that the plane was delayed. The plane was delayed for almost an hour and a half because it had been delayed repeatedly during the day at other locations and was not following its scheduled arrival and departure times. There were other flights on other air carriers Dublin to Copenhagen and Dublin to Helsinki direct. No attempt was made by Scandinavian Airlines to rebook Plaintiff on another air carrier in order for the Plaintiff to make certain Plaintiff would make the connecting flight from Copenhagen to Helsinki or to arrive in Helsinki at the contracted time of 5:30PM.

**ANSWER:**　　SAS admits that Flight 538 was delayed. SAS denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

　　　　7.　　When Plaintiff finally boarded Scandinavian Airlines Flight #SK538, Plaintiff immediately realized that the air carrier was in fact <u>NOT</u> Scandinavian Airlines, but a mysterious "other" airline that the Plaintiff had never heard of. That carrier is NOT part of the Scandinavian Airlines System and not a subsidiary, but an entirely different company than Scandinavian Airlines. Plaintiff had no knowledge of this carrier; its ownership or safety or on-time record.

2

**ANSWER:**   SAS admits that Flight 538 was operated by LuxAir, as indicated on the tickets attached to Plaintiff's Complaint.  SAS denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

      8.    Because of the hour plus delay at Dublin Airport, Scandinavian Airlines Flight #SK538 arrived late to Copenhagen causing Plaintiff to miss Plaintiff's connection (Scandinavian Airlines Flight #712) to Helsinki.  Plaintiff was rescheduled on (Scandinavian Airlines Flight #1710) from Copenhagen to Helsinki.  When Plaintiff boarded this aircraft, Plaintiff understood again that this was not an aircraft belonging to the Scandinavian Airlines System, but yet another mysterious carrier Plaintiff has never heard of.

**ANSWER:**   SAS admits that Plaintiff was provided air transportation from Copenhagen to Helsinki aboard Flight 1710.  SAS denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

      9.    The plane finally landed in Helsinki at 7:00PM and not the 5:30PM contracted time causing Plaintiff to entirely miss the meeting that Plaintiff had been sent for by the European Centre for Architecture Art Design and Urban Studies to attend.  By the time Plaintiff arrived to the meeting destination all the participants had been dispersed.  Although Plaintiff tried to meet the following day, none of the participants were available.  The entire trip was a waste of Plaintiff's professional time and money.

**ANSWER:**   SAS admits that Flight 1710 arrived in Helsinki at 7:00pm local time.  SAS denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

      10.    On April 2, 2008, Plaintiff wrote a letter to Scandinavian Airlines asking for a refund of the ticket in the amount of $484.64 and hotel in the amount of 555.60 Euro ($888.96) plus 330 DK ($69.21) for lunch and for the full amount of $1,442.87).  Scandinavian Airlines rejected Plaintiff's request in a letter dated April 8, 2008 by Ms. Angela R. Schlossmacher, Customer Relations.

**ANSWER:**   SAS admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

      11.    Plaintiff sent another letter on May 15, 2008 again requesting to be reimbursed with an answer to be given in seven days.  Scandinavian Airlines sent another letter dated May 16, 2008 this time and now suddenly alleging "technical malfunction."  Plaintiff overheard ground crew in Dublin state that the airplane was delayed because "flight crew did not show up."  Scandinavian Airlines also suggested that Plaintiff investigate "private insurance" in order to claim losses, which is absurd and a outright admission of Plaintiff's damages and the airline's liability.

**ANSWER:** SAS admits that Plaintiff sent a letter dated May 15, 2008 demanding payment and threatening a lawsuit. SAS admits that it responded via a letter dated May 16, 2008, wherein SAS again declined to refund the cost of the ticket used by Plaintiff or for his hotel or meals, and "kindly request[ed]" that Plaintiff place a claim with private insurance if applicable. SAS denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint, and denies that SAS has made any admissions of damages or liability whatsoever.

12. Additionally, on June 21, 2006, Plaintiff booked a ticket via Internet Dublin to Oslo on Scandinavian Airlines (Flight #SK4604) with a return on July 21, 2006 Oslo to Dublin (Flight #SK1467) in the amount of $278.73. Again, Plaintiff purchased this ticket on Scandinavian Airlines in Galena, Illinois at his home at 760 Dewey Ave. and paid for his ticket via Plaintiff's VISA credit card with the billing address of 760 Dewey Avenue.

**ANSWER:** SAS admits that a ticket was issued in Plaintiff's name for the travel described in Paragraph 12. SAS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. On June 21, 2006, the day of departure, Plaintiff telephoned Scandinavian Airlines to inform them that Plaintiff was sick and unable to travel. Scandinavian Airlines Representative told Plaintiff that Plaintiff was not able to change this flight nor rebook at a later time and failure to take the plane on June 21 would result in a "no show." Plaintiff wrote a letter to Mr. Sven Eric Persson on June 22, 2006, informing the airline again that Plaintiff was ill and could not take that flight and requested a refund or rebooked at another time. Plaintiff supplied Scandinavian Airlines with a note from his doctor, Dr. Greg Vandigo, Medical Associates, 219 Summit Street, Galena, Illinois dated June 21, 2006. Plaintiff was in the early stages of Lyme Disease and was sick for six months. Plaintiff never heard back from Scandinavian Airlines and never received the refund of $278.73 or the availability to rebook that flight at a later date.

**ANSWER:** SAS denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

WHEREFORE, Defendant, SAS, denies that Plaintiff is entitled to any relief whatsoever and prays for judgment in its favor and against Plaintiff, and for any additional relief this Court deems equitable and just.

**AFFIRMATIVE DEFENSES**

Defendant, SAS, for its Affirmative Defenses, states as follows:

**First Affirmative Defense**

Plaintiff's claim is preempted by the Convention for the Unification of Certain Rules for International Carriage by Air concluded at Montreal, Canada, May 28, 1999 (*reprinted* in S. Treaty Doc., 106-45, CCH Av.L.Rep. ¶ 27, 400-59, 1999 WL 33292734), under which SAS is entitled to exoneration to the extent it took all reasonable measures to avoid the damage or that it was impossible to take such measures.

**Second Affirmative Defense**

Plaintiff's claim is preempted by the Airline Deregulation Act, 49 U.S.C. § 41713, under which Plaintiff can maintain no cause of action.

**Third Affirmative Defense**

Plaintiff is entitled to no relief under SAS's Conditions of Carriage, which govern the travel that is the subject of this litigation. (Ex. A, Conditions of Carriage).

**Fourth Affirmative Defense**

The damages that Plaintiff alleges are not compensable damages under the law, and any additional relief sought by Plaintiff, such as reprimand, is not recognized as appropriate relief in civil actions.

**Fifth Affirmative Defense**

To the extent any delay in Plaintiff's travel was attributable to SAS, such delay was the result of SAS's compliance with safety standards, security standards, and/or governmental regulations.

**Sixth Affirmative Defense**

European Union law is inapplicable to Plaintiff's claim.

**Seventh Affirmative Defense**

Plaintiff failed to mitigate his damages.

**Eighth Affirmative Defense**

Any damages suffered by the Plaintiff resulted from acts and/or omission of other entities over whom SAS had no control or right of control.

**Ninth Affirmative Defense**

The District Court for the Northern District of Illinois, Western Division, is not a convenient forum for this action.

**Tenth Affirmative Defense**

SAS fully complied with all its obligations under the parties' bargains.

Respectfully submitted,

SCANDINAVIAN AIRLINES SYSTEMS

By:     s/Michael S. McGrory
        One of Its Attorneys

Alan L. Farkas
Michael S. McGrory
Madsen, Farkas & Powen, LLC
20 S. Clark Street
Suite 1050
Chicago, Illinois 60603
T:  (312) 379-3444
F:  (312) 379-3443

6

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTIAN K. NARKIEWICZ-LAINE | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 50106 |
| | ) | |
| v. | ) | District Judge Reinhard |
| | ) | Magistrate Judge Mahoney |
| SCANDINAVIAN AIRLINES SYSTEMS | ) | |
| | ) | |
| Defendant. | ) | |

## LOCAL RULE 3.2 STATEMENT OF AFFILIATES

Defendant, Scandinavian Airlines Systems ("SAS"), hereby states that the following entities are SAS's publicly held affiliates, for purposes of Local Rule 3.2:

- SAS AB

                                                    Respectfully submitted,

                                                    SCANDINAVIAN AIRLINES SYSTEMS


                          By:      s/Michael S. McGrory
                                         One of Its Attorneys

Alan L. Farkas
Michael S. McGrory
Madsen, Farkas & Powen, LLC
20 S. Clark Street, Suite 1050
Chicago, Illinois 60603
T: (312) 379-3444
F: (312) 379-3443