UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

F I L E D

AUG 2 1 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| CHRISTIAN K. NARKIEWICZ-LAINE | ) | |
| | ) | |
| Plaintiff | ) | NO. 08 C 50106 |
| | ) | |
| vs. | ) | |
| | ) | |
| SCANDINAVIAN AIRLINES SYSTEMS | ) | JUDGE REINHARD |
| | ) | MAGISTRATE JUDGE |
| Defendant | ) | MAHONEY |

## REPONSE TO DEFENANT'S MOTION TO TRANSFER VENUE

Now comes Plaintiff Christian K. Narkiewicz-Laine, acting *pro see* as his attorney and in his defense and files the following response to Defendant's Motion to Transfer Venue from the Northern District of Illinois' Western Division to the Eastern Division:

Defendant makes an arbitrary case to again move jurisdictions to the Eastern Division strictly for the sake of Defendant's convenience.

First and foremost, Defendant makes unjustified claims regarding "convenience" in again moving jurisdiction.  Convenient to whom?

Further, Plaintiff disputes and denies the relevancy of the following:

Defendant alleges that Plaintiff has an office in Schaumburg, Illinois and therefore jurisdiction should be in the Eastern Division.  Plaintiff denies the allegation.  Plaintiff has an office in Galena, Illinois in the Western Division.

Defendant alleges that Plaintiff lives in Chicago and therefore jurisdiction should be in the Eastern Division.  Plaintiff denies the allegation.  Plaintiff resides at 760 Dewey Avenue, Galena, Illinois and in the Western Division.

Defendant alleges that a portion of Plaintiff's damages occurred in the Eastern Division and therefore jurisdiction should be in the Eastern Division. This allegation believes this allegation is irrelevant to Eastern versus Western Divison.

Defendant admits that Defendant has no relevant evidence within the Western District and that Defendant maintains its records with regard to ticket purchases, flights, delays, and customer service in Stockholm, Sweden and some records are available in New Jersey and no records within the Western District but states that "some" relevant evidence is located within the Eastern Division but fails to reveal what that evidence is and its relevancy to the case. Plaintiff keeps no records in the Eastern Division and believes that jurisdiction in the Eastern Division is irrelevant.

Defendant argues that bringing witnesses from Europe to trial is more convenient in the Eastern District than in the Western District, which is again irrelevant. Plaintiff and many of Plaintiff's witnesses are in the Western District.

Again, Defendant wrongly states that Plaintiff "maintains a home in the Eastern Division," which is false and inaccurate.

Defendant states that Plaintiff has had on civil and one Federal Court case in the Eastern Division and argues that Plaintiff is comfortable in those surroundings and establishes a "home forum." Plaintiff also has pending litigation in Copenhagen, Denmark, but does not make Denmark Plaintiff's home forum. The claim to home forum other than Plaintiff's actual home is irrelevant.

CONCLUSION

For all the reasons stated above, Plaintiff asks the court not to transfer to the Northern

District of Illinois, Eastern Division.


Respectfully submitted,

CHRISTIAN K. NARKIEWICZ-LAINE



Alan L. Farkas
Michael S. McGrory
Madsen, Farkas & Powen, LLC
20 S. Clark Streret #1050
Chicago, IL  60603
Tel:  +312/379-3444
Fax:  +312/379-3443