FILED
AUG 25 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CHRISTIAN K. NARKIEWICZ-LAINE ) | |
| ) | |
| Plaintiff ) | NO. 08 C 50106 |
| ) | |
| vs. ) | |
| ) | |
| SCANDINAVIAN AIRLINES SYSTEMS ) | JUDGE REINHARD |
| ) | MAGISTRATE JUDGE |
| Defendant ) | MAHONEY |

**PLAINTIFF ANSWERS DEFENDANT'S RESPONSE IN THE MOTION TO REMAND**

Plaintiff Christian K. Narkiewicz-Laine, responds to Defendant's Response for the Motion to Remand as follows:

First and foremost, this case does not belong before the U.S. District Court since it does not meet the threshold of $75,000 in damages.

Second, this case is about a contractual agreement outside the jurisdiction of any international treaty. The matter at hand is, instead, about willful misconduct resulting in the breach of a contract between Plaintiff and Defendant while Plaintiff was first in the common area of an airport and, in the second instance, at his home in Galena, Illinois and no where near an airport.

In both above instances, the initial contracts for travel were performed in Plaintiff's living room and not in any area under the jurisdiction as defined by a treaty of the United States. In fact, Article 28 of the Warsaw Convention restricts the forums in which damage actions may be brought to four possible for a: the carrier's domicile; the carrier's principal place of business; where the contract was formed; or the place of a final destination.

The two contracts with SAS Airlines were formed at 760 Dewey Avenue, Galena, Illinois and paid for with Plaintiff's credit card of the same billing address.

Further, Article 17 of the Convention provides: "The carrier shall be liable for damage in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any operations of embarking or disembarking."

In the first instance, during the one and a half hour delay of SAS Flight No. SK538 on March 6, 2008, Plaintiff was not "on board the aircraft or in the course of any operations of embarking or disembarking." Plaintiff was simply standing in a Terminal at Dublin Airport where numerous passengers waited for numerous airlines and nowhere near the gate under the control of SAS.

During that period, Plaintiff was not engaged in "transportation" as defined by Article 1 or Article 17 of the Convention by simply waiting for an aircraft to depart.

SAS Flight No. SK538 was scheduled for departure at 11:00AM. When SAS Flight No. SK538 finally departed at 12:30PM, Defendant SAS Airlines was already one hour and a half in default of its contract with Plaintiff.

In the second instance (June 26, 2006), Plaintiff was too sick to leave his house and was never engaged in any form of transportation much less on board an aircraft, embarking or disembarking.

Here, Defendant seeks to have this Court rule that whenever a passenger holds a ticket for international travel between signatory countries, any claim against the airline would be applied or controlled by the provisions of the Warsaw Convention. If this was true, once a passenger purchases a ticket for international transportation, the Convention and its jurisdictional requirements would apply to any negligent action of the airline. Such a conclusion

would render airlines immune from any negligent action days or weeks before or after any departure or arrival or regardless of the location of the passenger, whether enroute to the airport, in the terminal, or any where near or outside the aircraft and, which would, in fact, become totally arbitrary and absurd.

This kind of immunity was clearly not the intent of the drafters of the Warsaw Convention.

Further, Illinois Federal Courts have recognized this as an untenable "position." Specifically, in Beaudet, 853 Supp. At 1070, the Court stated: "Under this position, an air carrier's negligence against a passenger having a ticket on one of the carrier's international flights is entirely excused by the Warsaw Convention if the passenger is not 'on board the aircraft or in the course of any of the operations of embarking or disembarking.' In the opinion of the Court, this conclusion demonstrates the absurdity of Defendant's position. One thing that the Warsaw Convention did not mean to do was to grant international air carriers absolute immunity from their negligence inside the terminal."

Mr. Ambrosini, the Warsaw Convention's delegate from Italy noted that Article [19] of the Convention did not provide a remedy for nonperformance of a contract between the airline and the passenger. Wolgel, 821 F.2d at 444. Mr. Ambrosini suggested that the treaty be amended to include a provision for total nonperformance; however, the drafters determined that there "was no need for a remedy in the Convention for total nonperformance of the contract, because in such a case the injured party has a remedy under the law of his or her home country." Wogel, 821 F.2d at 444.

Further, in *Gustav Koehler, Ida Koehler and Reimund Koehler vs Scandinavian Airlines Systems*, Defendant admits that "some courts have found that even if the Convention applies, a plaintiff's state law claim would not be preempted thereunder."

CONCLUSION

This Court does not have original jurisdiction over this simple case of contractual nonperformance as in the case of Plaintiff's position against Defendant SAS Airlines. Plaintiff again requests that the Court deny Defendant's original motion to move the jurisdiction of this case to the Northern District Court.

Respectfully submitted,

CHRISTIAN K. NARKIEWICZ-LAINE

Alan L. Farkas
Michael S. McGrory
Madsen, Farkas & Powen, LLC
20 S. Clark Streret #1050
Chicago, IL 60603
Tel: +312/379-3444
Fax: +312/379-3443