UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTIAN K. NARKIEWICZ-LAINE | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 50106 |
| | ) | |
| v. | ) | District Judge Reinhard |
| | ) | Magistrate Judge Mahoney |
| SCANDINAVIAN AIRLINES SYSTEMS | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO MOTION TO TRANSFER VENUE**

Scandinavian Airlines Systems ("SAS"), for its Reply to Plaintiff's Response to Defendant's Motion to Transfer Venue, states as follows:

**I. INTRODUCTION**

A 28 U.S.C.A. § 1404(a) movant bears the burden of establishing, "by reference to particular circumstances," the convenience of the transferee forum. *Coffey v .Van Dorn Iron Works,* 796 F.2d 217, 219-20 (7th Cir. 1986). SAS has met this burden, and established that trial of this matter would be clearly more convenient in the Eastern Division. Plaintiff's Response[1] is wholly void of any legal or factual analysis; in fact, Plaintiff seems to miss the point entirely of a §1404 transfer.

At trial, Plaintiff must prove the allegations in his Complaint, and SAS will work to rebut such proof and offer proof in support of its Affirmative Defenses; the allegations raised in these pleadings determine the evidence that will be required at trial. Against this backdrop, SAS provided an analysis of the statutory factors the Court will consider in ruling on this Motion: the convenience of the parties, the convenience of the witnesses, and the interest of justice. SAS

---

[1] Plaintiff's status as a *pro se* party does not relieve him of his obligation to present legal argument and authority in support of his position. *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1997).

cited and discussed precedent, named expected witnesses and listed anticipated evidence, and provided concrete facts (attested to by Affidavit) that establish that the Eastern Division is clearly more convenient. Plaintiff seems to have neglected to read § 1404 or any case law whatsoever addressing § 1404. He argues that the convenience of the parties, the convenience and location of witnesses, the location of evidence and the site of material events is irrelevant; on the contrary, such considerations are entirely relevant to a court's determination of a motion to transfer. *Avco Corp v. Progressive Steel Treating, Inc*. 2005 WL 2483379 (N.D. Ill. 2005). Plaintiff blithely disregards decades of precedent in his Response, and fails to respond to SAS's arguments and factual support in any meaningful way. In short, Plaintiff has provided no reason to deny transfer to the Eastern Division.

**II. DISCUSSION**

The only factors this Court should consider in deciding SAS's Motion to Transfer are: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) and the interest of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, n. 3 (7th Cir. 1986). The convenience of the parties and witnesses is determined by an analysis of four prongs: (1) plaintiff's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the parties' convenience in litigating in each forum. *Avco Corp v. Progressive Steel Treating, Inc*., 2005 WL 2483379 (N.D. Ill. 2005).

With regard to Plaintiff's choice of forum, Plaintiff denies that his museum has an office in Schaumburg and denies that he has a residence in Chicago. However, a glance at Exhibit F to Plaintiff's Complaint, a letter he sent to SAS, reveals that his museum does claim to maintain property in Schaumburg. And Plaintiff's biography, as maintained on his museum's website, states that Plaintiff does reside in Chicago. Plaintiff's naked, unverified and convenient denial of

2

these facts rings hollow. And, even if these facts are not true, his choice of forum is entitled to little weight because the events underlying his Complaint occurred in Europe, and because SAS maintains a place of business in the Eastern Division. (*See Chukwu v. Air France*, 218 F.Supp.2d 979, 989 (N.D. Ill. 2002), and *Avco Corp v. Progressive Steel Treating, Inc*., 2005 WL 2483379 at *2 (N.D. Ill. 2005)).

Plaintiff does not deny that the site of material events was primarily Europe. He does, however, without any citation to the law or facts, urge that this Court deem irrelevant that some of his alleged damages occurred in the Eastern Division. The point is that *nothing* material occurred in the Western Division. To the extent that any material event occurred in the Northern District, it occurred in the Eastern Division where Plaintiff alleges some damages occurred, and where SAS maintains offices. This factor strongly favors transfer.

Plaintiff has also provided no law or facts that diminish the fact that evidence is more readily available in the Eastern Division. SAS has identified specific records (*i.e.* ticket, flight, delay and customer service records) and named specific witnesses who are more readily available in the Eastern Division; Plaintiff has not identified any evidence or witnesses (other than himself) that are more readily available in the Western Division. Plaintiff also disregards that he will be required to present evidence from Europe and Chicago in order to prove his allegations. The evidence in this case is more readily available in the Eastern Division; thus, this factor favors transfer.

Finally, Plaintiff fails to confront the fact that SAS maintains an office and employees and conducts flight operations in the Eastern Division, but has no presence whatsoever in the Western Division. Plaintiff, on the other hand, apparently flies in and out of O'Hare International Airport (he in fact claims to be a party to a lawsuit in Copenhagen), and has

3

litigated matters within the Eastern District. SAS will be very inconvenienced if it is required to litigate this matter in Rockford, where it has no presence. Plaintiff, on the other hand, will not be very inconvenienced at all if he is required to litigate this matter in Chicago, where he can regularly be found. The convenience of the parties strongly favors transfer.

### III. CONCLUSION

SAS has established that this matter would clearly be more conveniently tried in the Eastern Division than the Western Division. In response, Plaintiff offered arguments with no basis in the law and facts with attestation. For the convenience of the parties, the convenience of the witnesses, and in the interest of justice, SAS respectfully requests that this Honorable Court grant its Motion to Transfer to the Eastern Division.

Respectfully submitted,

SCANDINAVIAN AIRLINES SYSTEMS

By:      s/Michael S. McGrory
One of Its Attorneys

Alan L. Farkas
Michael S. McGrory
Madsen, Farkas & Powen, LLC
20 S. Clark Street, Suite 1050
Chicago, Illinois 60603
T: (312) 379-3444
F: (312) 379-3443